IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD R. McTAGGART, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No.   CIV-07-633-M |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on August 17, 2004 and alleges that he has been disabled since January 1, 2002 (TR. 14, 450). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 223, 224). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on October 23, 2006 (TR. 448-480). Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 450-473). A vocational expert (VE) testified at the request of the ALJ (TR. 475-479). The ALJ issued his decision on January 26, 2007 finding that Plaintiff was not entitled to DIB (TR. 14-19). The Appeals

Council denied the Plaintiff's request for review on March 30, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner[1] (TR. 7-9).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 17). At step two, the ALJ concluded that Plaintiff's glaucoma, history of cervical and lumbar strain, and "borderline stage II submaximal exercise tolerance test were severe impairments (TR. 18). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1] Plaintiff's previous application for DIB was filed June 2, 1998 alleging a disability onset date of September 26, 1997. After hearing, an ALJ denied his claim on January 14, 2000. Thereafter, the Appeals Council denied his request for review on July 25, 2003.  The decision was not appealed (TR. 14).

Appendix 1 (TR. 18). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 18). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 18-19).

On appeal to this Court, Plaintiff alleges that the ALJ erred by (I) failing to apply the correct legal standard in evaluating the opinions of Plaintiff's treating physicians; and by (II) formulating an RFC which was not supported by substantial evidence.

## MEDICAL EVIDENCE

In October 1996, Plaintiff's treating physician, Dennis Foster, M.D., found that Plaintiff had occasional discomfort in his lower back; that his lower back was mildly restricted; and that Plaintiff could return to work as of October 21, 1996 (TR. 113).  Dr. Foster also found that Plaintiff should avoid repetitive bending, stooping, and/or lifting from the waist; and that he should not be lifting greater than 25 pounds repeatedly (TR. 113).

In March 1998, Plaintiff's treating physician, Stan Pelofsky, M.D., completed a Worker's Compensation Court, Physician's Release and Restrictions form in which he stated that Plaintiff had the following "permanent restrictions": Restricted lifting, pushing/pulling of 25 pounds; restricted reaching overhead; "do not" crawl, squat or stoop; and avoid repetitive lifting and twisting (TR. 326).

Also in March 1998, Plaintiff's treating physician, Michael J. Carl, M.D., concurred with Dr. Pelofsky that Plaintiff had achieved maximum medical improvement and further concurred with Dr. Pelofsky recommendations regarding his potential to return to work with restrictions (TR. 152).

In March 1999, Plaintiff underwent a consultative physical examination performed by Sherman B. Lawton, M.D., (neurologist), who found that Plaintiff had a normal gait, and grip strength; that he had good strength in the major muscle groups of the arms and legs; and that there was no evidence of radiculopathy upon examination or as shown on the myelogram (TR.

200). Dr. Lawton also found that Plaintiff had no work related restrictions other than Plaintiff was restricted to only occasional climbing, balancing, stooping, crouching, kneeling and crawling (TR. 202).

In February 2002, Plaintiff was examined by his treating physician, Mitchell Wolf, M.D. who found that Plaintiff was in no acute distress; that his extremities had no peripheral edema or cyanosis with good distal pulses; and that he had good range of motion of all joints (TR. 417). Dr. Wolf's assessment was of chest pain (TR. 417). Dr. Wolf also assessed Plaintiff as having glaucoma, with some blurring of his distant vision (TR. 419).

Also in February 2002, Plaintiff's treating physician, Robert White, Jr., M.D., reported a "borderline stage II submaximal exercise tolerance test" (TR. 442). Dr. White advised Plaintiff not to engage in any strenuous activity and to take a baby aspirin daily (TR. 442). In July 2005, Dr. White completed a physical medical source statement in which he reported that Plaintiff could sit, stand, or walk for only 10-30 minutes in an 8 hour workday; that he could lift or carry only 5 pounds frequently and 6-10 pounds occasionally; and that he could never bend, squat, crawl, climb or reach (TR. 445-446).

X-rays of Plaintiff's lumbar spine performed in March 2004, noted that Plaintiff had osteoarthritis of the apophyseal facets; that there was no interspace narrowing from degenerative disk disease; and that no fractures, destructive lesions, spondylolisthesis, or sacroiliitis were identified (TR. 438).

In November 2004, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 382). Agency physicians also concluded that Plaintiff could only occasionally engage in climbing, balancing, stooping, kneeling, crouching, or crawling (TR. 383). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual,

communicative, or environmental limitations (TR. 382-387).

# I.

Plaintiff urges on appeal that the ALJ failed to evaluate the medical evidence properly (See Plaintiff's Brief at pages 8-11).  Specifically, Plaintiff argues that the ALJ erred by failing to adopt the opinion of Plaintiff's treating physicians, Drs. Foster, Pelofsky and Carl that Plaintiff "was limited to light duties" (TR. 113, 326, 152).

If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided a detailed and thorough review of the medical evidence. He also provided specific legitimate reasons for disregarding the opinions of Plaintiff's treating physician, Drs. Pelofsky and Carl (TR. 18-19).  In rejecting the opinions of Drs. Pelofsky and Carl that Plaintiff was limited to light duties involving no lifting over 25 pounds, the ALJ observed that Dr Pelofsky stated Plaintiff had reached "maximum medical improvement and concluded that the claimant could return to gainful employment at any time avoiding heavy physical stresses to the lumbosacral region..."; and that "On February 12, 1998, the claimant was actively employed and at work as a heavy equipment operator" (TR. 15, 16, 157). The ALJ further observed that during the

period under adjudication, January 1, 2002 through December 31, 2002, the date he last met the disability insured status requirements of the Act, the Plaintiff "had few health problems" (TR. 17). Plaintiff mischaracterized the opinion of Dr. Foster (See Plaintiff's Brief at page 8). Dr. Foster did not limit Plaintiff to lifting 25 pounds or less, but rather limited Plaintiff to lift no "greater than 25 pounds repeatedly" (TR. 113). The ALJ further correctly observed that the records of Plaintiff's treating physicians show that Plaintiff had recovered to the extent that he could engage in work activity more than three years prior to January 1, 2002, his amended alleged onset date (TR. 16). Lastly, the ALJ considered that the opinions of Drs. Pelofsky and Carl were given more than three years prior to the relevant period; and that medical evidence during the relevant period failed to limit Plaintiff to "light duties" (TR. 15-16).

Thus, it appears that the ALJ properly considered the opinions of Plaintiff's treating physicians.

## II.

Plaintiff also urges on appeal that the ALJ erred by formulating an RFC which was not supported by substantial evidence (See Plaintiff's Brief at pages 13-15). The ALJ found that Plaintiff had the RFC for a full range of medium work as limited by occasional climbing, balancing, stooping, kneeling, crouching, and crawling (TR. 18).

The ALJ's RFC takes into account Plaintiff's limitations which are established by the medical evidence. An ALJ need not include in the RFC assessment limitations unsupported by the medical record. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). In support of his argument, Plaintiff relies on medical evidence generated more than three years before the relevant period. Agency physicians who completed the physical RFC assessment in November 2004 and found Plaintiff capable of medium work noted that Dr. Pelofsky in 1998, limited Plaintiff to lifting only 25 pounds after an acute injury, but concluded that there was "No evidence of significant pain or treatment after that" (TR. 387). Indeed, absent the findings of Drs. Pelofsky and Carl elicited in the context of

a workers compensation proceeding forty-five (45) months prior to the relevant period, the medical record is devoid of medical evidence of impairments preventing medium work activity. The March 1998 conclusions of Drs. Pelofsky and Carl were considered and rejected with Plaintiff's prior application in 2003 from which Plaintiff did not appeal.

Thus, the ALJ's RFC determination is supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 5th day of May 2008.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE